**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01047

YAM P. CHAPAGAI,
Plaintiff

v.

THE HERTZ CORPORATION,
Defendant.

---

## COMPLAINT AND JURY DEMAND

---

The Plaintiff, Yam P. Chapagai, by and through his attorneys, Miller & Law, PC, for his Complaint and Jury Demand against the Defendant, The Hertz Corporation, states as follows:

## NATURE OF THE ACTION

This action is brought to redress the Defendant's violation of: (i) Title VII of the Civil Rights Act of 1964 ("Civil Rights Act"), 42 U.S.C. §§ 2000e; and (ii) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 - 12117. Specifically, the Plaintiff alleges that the Defendant created a hostile work environment based on Plaintiff's national origin, denied Plaintiff's reasonable requests for accommodations related to Plaintiff's disability, retaliated against Plaintiff for requesting reasonable accommodations related to Plaintiff's disability, and for terminating Plaintiff on the basis of Plaintiff's national origin and disability, all in violation of the ADA and the Civil Rights Act.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(j); and Title II of the ADA, 42 U.S.C. § 12133. The unlawful employment practices alleged herein were committed within the

jurisdictional boundaries of the United States District Court for the District of Colorado and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## ADMINISTRATIVE PREREQUISITIES

2. Prior to filing this Complaint, Plaintiff complied with all procedural prerequisites for bringing this lawsuit. On December 23, 2019, Plaintiff timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission.

3. By notice dated January 14, 2020, Plaintiff was issued a Dismissal of Charge and Notice of Right to Sue ("Notice").

4. Plaintiff received the Notice on January 16, 2020.

5. As this Complaint has been filed within the ninety (90) days following receipt of the Notice, Plaintiff has satisfied all procedural prerequisites for suing Defendant in federal court under 42 U.S.C. §2000e-5(f)(1).

## PARTIES

6. Plaintiff Yam P. Chapagai ("Mr. Chapagai") is an individual resident of Colorado with a residential address of 16405 E. Alameda Place, Aurora, CO 80017; during the time of the subject employment relationship referenced herein, he resided at 1092 S. Zena Way #103, Aurora, CO 80017.

7. Defendant The Hertz Corporation ("Defendant" or "Hertz Corporation") is a Delaware corporation with its principal place of business located at 8501 Williams Road, Estero, FL 33928. Defendant employs more than 500 employees.

## GENERAL ALLEGATIONS

8. Mr. Chapagai is an individual of Nepali origin.

9. Mr. Chapagai is protected from discrimination on the basis of his national origin by the provisions of the Civil Rights Act, 42 U.S.C. § 2000e.

10. For a period of approximately four weeks beginning in late October 2019, Mr. Chapagai was disabled as a result of a severe illness, the symptoms of which included high fever, coughing, sneezing, bleeding from the nose and mouth, general weakness and dizziness, a condition that rendered Mr. Chapagai unable to drive, work, or perform other essential job duties.

11. In December 2018 Mr. Chapagai's wife was placed on bed rest due to complications with her pregnancy that included bleeding and a high chance of miscarriage.

12. On July 14, 2019, Mr. Chapagai's wife gave birth to their daughter, and both his wife and daughter were hospitalized following a complicated birth; Mr. Chapagai's daughter was born prematurely and suffered from acute jaundice.

13. Mr. Chapagai is protected from discrimination on the basis of the disabilities of those individuals with whom he has a known relationship - his wife and daughter – under the ADA, 42 U.S.C. § 12112(b)(4).

14. Mr. Chapagai was hired by Hertz on September 21, 2017.

15. During his initial term of employment at Hertz, Mr. Chapagai did not receive any negative communications or feedback concerning his performance.

16. During his initial term of employment at Hertz, Mr. Chapagai's senior manager was Ben Smith ("Mr. Smith").

17. Mr. Smith treated Mr. Chapagai with respect and issued him several excellent job performance reviews.

18. On or about February 12, 2019, Mr. Chapagai resigned from Hertz due to family emergency medical conditions.

19. On or about May 31, 2019, Mr. Chapagai was re-hired by Hertz.

20. Hertz approved Mr. Chapagai's re-hiring in part due to his history of excellent job performance reviews with Hertz during his employment from 2017 through February 2019.

21. At all times relevant to this Complaint, Defendant was fully aware that Mr. Chapagai is of Nepali origin, and it further was aware of Mr. Chapagai's disability as well as the disabilities of his wife and daughter.

22. Upon information and belief, it was Defendant's very awareness of Mr. Chapagai's origin, disability, and the disabilities of his family members that played an integral role in the mistreatment that he received.

23. Following Mr. Chapagai's re-hiring with Hertz, Mr. Smith left the corporation, and a new senior manager, John, was employed, and Mr. Chapagai began to be subjected to additional disparate and discriminatory treatment by John and other Hertz managers.

24. During his re-employment at Hertz, Defendant routinely treated Mr. Chapagai in a disparate fashion than employees who were not of Nepali origin.

25. Examples of the differential treatment perpetuated by Defendant to the detriment of Mr. Chapagai, as an individual of Nepali origin and the basis of his disability and the disabilities of his family members, include the following:

   a. A Manager, Austin spoke to Mr. Chapagai in a condescending tone and did not speak to any other employee in this manner.

   b. A Manager, Elizabeth, routinely followed Mr. Chapagai, intentionally stood very close to him so as to make him uncomfortable, and spoke to him in a demeaning and critical manner, but did not engage in such conduct with any employee who was not of Nepali origin.

   c. Upon information and belief, Hertz did not issue written warnings to other employees who presented doctor's notes justifying their absences from work.

   d. Upon information and belief, Hertz provided other employees with two weeks of paid paternity leave, while Mr. Chapagai was written up for taking one week unpaid to care for his newborn daughter in the hospital.

26. Hertz issued write-ups for Mr. Chapagai's work absences despite the presentation of doctors' notes explaining and/or excusing the absences.

27. In late October 2019, Mr. Chapagai was diagnosed with a severe illness, the symptoms of which included high fever, coughing, sneezing, bleeding from the nose and mouth, general weakness and dizziness.

28. This condition rendered Mr. Chapagai unable to drive, work, or perform other essential job duties.

29. Mr. Chapagai was directed by his doctors to take time off from work until he was fully recovered from this condition.

30. At that time, Mr. Chapagai requested unpaid time off to recover from this condition.

31. On or about November 18, 2019, Mr. Chapagai was denied his reasonable accommodation requests for unpaid time off in order to recover from his condition and received a formal write up for absences from work.

32. Due to this mistreatment, Mr. Chapagai was forced to return to work prior to full recovery in direct contradiction to his doctor's orders.

33. Hertz terminated Mr. Chapagai's employment in December 2019.

34. The disparate disciplinary treatment exhibited by Hertz caused Mr. Chapagai additional stress and emotional distress and led him to believe he was being discriminated against on the basis of his national origin, his disability, and the disabilities of his family members.

35. Defendant continually disregarded Mr. Chapagai's request for reasonable accommodations, refusing to permit him unpaid leave to care for his own and his family members' disabilities.

36. Defendant retaliated against Mr. Chapagai for requesting reasonable accommodations by subjecting him to discipline for conduct and actions which were not cause for discipline of other employees who did not suffer from a comparable disability.

37. As a direct and proximate result of Defendant's discrimination and retaliation, Mr. Chapagai lost his ability to generate an income.

## CLAIMS FOR RELIEF

### First Claim for Relief
### Discrimination Based on National Origin in Violation of Title VII

38. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

39. Plaintiff satisfactorily performed the functions and requirements of his job and/or requested reasonable accommodations due to his disability and the disabilities of his family.

40. Defendant, either directly or by and through its agents, discriminated against Plaintiff because of his national origin.

41. During Plaintiff's employment, Defendant, and its agents, engaged in unlawful discriminatory employment practices against Plaintiff with respect to the terms and conditions of Plaintiff's employment based on his national origin.

42. Defendant's unlawful employment practices include, without limitation, the direct perpetuation of discrimination and harassment of Plaintiff, Defendant's failure to protect Plaintiff from discrimination and harassment at the hands of management, and Defendant's termination of the Plaintiff, all of which denied Plaintiff equal terms and conditions of employment and otherwise adversely affected his employment status because of his national origin.

43. Defendant is liable for the acts and/or omissions of its agents and employees.

44. Defendant's unlawful employment practices complained of in the foregoing

paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

45. As a consequence of Defendant's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages.

## Second Claim For Relief
## Violation of the Americans With Disabilities Act

46. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

47. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he suffered from a severe and debilitating illness, Defendant perceived him to have a disability, he has the requisite qualifications to perform and can perform the essential functions of the job for which he was hired, and he held and desired to continue to hold his job with the Defendant.

48. Defendant is an "employer" within the meaning of 42 U.S.C. §§ 12111(5) in that it is engaged in an industry affecting commerce and has had more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years. Thus, it is also a covered entity within the meaning of 42 U.S.C. § 12111(5).

49. Plaintiff was an employee of the Defendant within the meaning of 42 U.S.C. § 12111(4).

50. Defendant's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

51. Defendant is liable for the acts and/or omissions of its agents and employees.

52. Prior to and at the time that Defendant terminated Plaintiff's employment, Plaintiff was qualified to continue to perform the job for which he had been hired.

53. Defendant's discriminatory actions included, but were not limited to: (i) deliberately targeting Plaintiff for mistreatment and harassment as a result of his disability, (ii) limiting, segregating, or classifying Plaintiff in a way that adversely affected his opportunities or status because of his disability within the meaning of § 12112(b)(1); (iii) utilizing standards, criteria, or methods of administration that had the effect of discrimination on the basis of disability within the meaning of § 12112(b)(3)(A); (iv) failing to make reasonable accommodations for the known physical limitations of Plaintiff, an otherwise qualified individual employee with a disability, despite the fact that doing so would not have imposed an undue hardship on the operation of the Defendant's business within the meaning of § 12112(b)(5)(A); and/or (v) denying employment opportunities to Plaintiff based on Defendant's need to make reasonable accommodations for his physical impairments within the meaning of § 12112(b)(5)(A).

54. As a consequence of Defendant's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages.

55. Plaintiff has been damaged by Defendant's violation of the ADA inasmuch as he has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

56. Plaintiff is entitled to his attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

57. Plaintiff is further entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

### Third Claim For Relief
### Retaliation in Violation of the Americans With Disabilities Act

58. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

59. Plaintiff was subjected to retaliation for engaging in opposition to discrimination and harassment, in violation of 42 U.S.C. §12203(a), including being terminated from his employment for requesting reasonable accommodations and complaining about the discriminatory treatment and harassment to which he was subjected.

60. Plaintiff's protected conduct in opposition to disability-based discrimination and harassment was a motivating factor in Defendant's retaliatory conduct, including its decision to terminate Plaintiff's employment as well as its decisions to treat Plaintiff in a disparate fashion from one or more similarly-situated coworkers and to engage in further harassment of Plaintiff.

61. Defendant's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

62. As a consequence of Defendant's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages.

### Fourth Claim For Relief
### Disability-Based Harassment/Hostile Work Environment in Violation of Americans With Disabilities Act

63. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

64. Plaintiff was subjected to harassment and unwelcome conduct by Defendant that was based on his disability and/or by Defendant's perception that Plaintiff has a disability.

65. The harassment and unwelcome conduct perpetuated by Defendant and its agents against Plaintiff was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile and/or abusive.

66. Upon information and belief, said harassment and unwelcome conduct was perpetuated by Defendant against Plaintiff because of his disability and/or because of Defendant's

perception that Plaintiff has a disability and/or in retaliation for Plaintiff identifying and speaking out against discriminatory and unlawful practices engaged in by Defendant.

67.  Defendant knew, or should have known, about the harassment and unwelcome conduct and failed to take prompt or appropriate corrective action.

68.  As a direct and proximate result of Defendant's violations of his civil rights as alleged herein, Plaintiff has suffered mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits. Plaintiff is reasonably certain to continue to suffer these damages in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant, and award him the following relief, to the fullest extent allowed by law:

i. Actual monetary damages for all injuries suffered by Plaintiff in an amount to be determined at trial, including but not limited to, damages for lost past and future wages and employment benefits;
ii. Punitive damages on all claims allowed by law and in an amount to be determined at trial;
iii. Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;
iv. Pre- and post-judgment interest at the highest lawful rate; and
v. Any further relief that this court deems just and proper, and any other relief as allowed by law.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 13th day of April 2020.

> MILLER & LAW, PC
>
> /s/ David J. Meretta
> David J. Meretta, No. 44409
> 1900 W. Littleton Blvd.
> Littleton, CO 80120
> (303) 722-6500
> djm@millerandlaw.com
> ATTORNEYS FOR PLAINTIFF